OPINION
{¶ 1} Appellant Donald Davis appeals the decision of the Stark County Court of Common Pleas that affirmed the decision of the Ohio Unemployment Review Commission ("Review Commission") which denied his claim for unemployment benefits. The following facts give rise to this appeal.
 {¶ 2} On March 2, 2001, appellant became ill at his place of employment, Ohio Cast Products, Inc., following a chemical spill. Appellant was taken, by ambulance, to a hospital for treatment after he inhaled triethylene gas. Pursuant to his employer's drug policy, appellant was asked to submit to a drug test on this same day. Ohio Cast Products, Inc.'s drug policy provides, in pertinent part:
 {¶ 3} "Employees will not be permitted to work while under the influence of alcohol or with a detectable level of prohibited drugs in their system. Prohibited drugs are defined as illegal substances and prescription controlled substances which have not been specifically prescribed by a registered physician for current specific treatment purposes for the employee. Individuals who appear unfit for work may be subject to a Fit-for-duty examination at a designated medical facility. Violations for this Fit-for-work policy may result in disciplinary action up to and including discharge for the first offense. Employees with any detectable alcohol level will be considered `under the influence' for the purpose of this policy. Detectable drug levels have been established so as to preclude false positive identification due to passive inhalation of marihuana smoke, use of over-the-counter medication and so forth. All company drug tests will be confirmed and verified prior to the finalization of any disciplinary action."
 {¶ 4} On a test result form dated March 8, 2001, appellant tested positive for marijuana. As a result of the positive test for marijuana, Ohio Cast Products, Inc. terminated appellant's employment. On April 5, 2001, appellant filed for unemployment benefits with the Ohio Department of Job Family Services. Appellant was initially denied unemployment benefits due to the positive marijuana test. Thereafter, the Review Commission determined that appellant had been discharged for just cause on the basis that he violated Ohio Cast Products, Inc.'s drug policy.
 {¶ 5} Appellant appealed to the Stark County Court of Common Pleas. On May 31, 2002, the trial court affirmed the decision of the Review Commission. Appellant timely filed a notice of appeal but failed to set forth any assignments of error for our consideration as required by App.R. 16(A)(3). Therefore, we adopt the issue presented for review contained in Appellee Ohio Department of Job Family Services' brief, which provides as follows:
 {¶ 6} "I. Whether a claimant who tests positive for marijuana in a drug test mandated by an employer's fit-for-work policy is discharged for just cause and consequently ineligible for unemployment compensation."
 I {¶ 7} In the sole issue presented for our review, we must determine whether the trial court erred when it found appellant was not entitled to unemployment benefits because he was discharged for just cause after testing positive for marijuana. For the following reasons, we affirm the trial court's decision.
 {¶ 8} Our scope of review is limited pursuant to R.C. 4141.282(H), which provides, in pertinent part:
 {¶ 9} "* * * If the court finds that the decision of the commission was unlawful, unreasonable, or against the manifest weight of the evidence, it shall reverse, vacate or modify the decision, or remand the matter to the commission. Otherwise, the court shall affirm the decision of the commission."
 {¶ 10} Thus, we may reverse the Review Commission's decision only if we find it to be unlawful, unreasonable or against the manifest weight of the evidence. Tzangas, Plakas Mannos v. Ohio Bur. of Emp.Serv., 73 Ohio St.3d 694, paragraph one of the syllabus, 1995-Ohio-206, citing Irvine v. Unemp. Comp. Bd. of Review (1985), 19 Ohio St.3d 15. It is based upon this standard that we review appellant's arguments.
 {¶ 11} First, appellant maintains the injury he suffered was not an accident, but was the result of Ohio Cast Product, Inc.'s failure to provide safety equipment following a chemical spill and therefore, Ohio Cast Products, Inc. had no right to request that he submit to a drug test.
 {¶ 12} The trial court's conclusion that Ohio Cast Products, Inc. properly administered the test according to its drug policy is supported by paragraph 8(c) of the drug policy which provides:
 {¶ 13} "The company will conduct drug testing for all applicants for employment regardless of position. In addition, alcohol and drug tests may be required for current employees under the following circumstances:
 {¶ 14} "c. When an employee is involved in an accident requiring physicians (sic) care or where property damage has occurred. Serious `near miss' situations or actions, or lack of actions by an employee that leads to injury of other people may be a cause for a fitness-for duty test."
 {¶ 15} The record indicates triethylene gas was accidently released into the air following a chemical spill. Appellant became ill after inhaling these fumes. Accordingly, Ohio Cast Products, Inc.'s request that appellant submit to a drug test was pursuant to its drug policy in that appellant was involved in an accident that required a physician's care.
 {¶ 16} Appellant next contends it was unreasonable to rely on the test results of March 2, 2001, when he tested negative for marijuana twelve days later. The trial court rejected this argument and instead found a third-party administered the test in accordance with Ohio Cast Products, Inc.'s established drug policy. Judgment Entry, May 31, 2002, at 5. Further, when Douglas Turman, Human Resources Manager, confronted appellant with the positive test results, appellant stated that any use of the substance was in the past and that the results were wrong. Id. Appellant also admitted to Mr. Turman that he used marijuana with his wife, but he did so far enough in the past that it should not have shown in the March 2, 2001 drug test. Id. at 5.
 {¶ 17} We conclude the fact that appellant tested negative twelve days after the initial test is irrelevant. It is probable that this test occurred outside the time period within which marijuana remains detectable in the human body. Appellant admitted to Mr. Turman that he used marijuana, but thought he did so far enough in the past that it would not appear on a drug test.
 {¶ 18} Appellant next claims he tested positive for marijuana, on the drug test, due to his inhalation of triethylene gas. Appellant submitted no evidence to support this argument. Finally, appellant maintains there is no evidence indicating the drug test was "confirmed and verified" prior to finalization of any disciplinary action. We disagree as the record indicates Ohio Cast Products, Inc. confirmed and verified the drug test prior to terminating appellant's employment.
 {¶ 19} Accordingly, the Review Commission's judgment is not unlawful, unreasonable or against the manifest weight of the evidence.
 {¶ 20} Appellant's arguments are overruled.
 {¶ 21} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
Topic: Denial of Unemployment Benefits.